UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joshua Lamy

 v.             Civil No. 14-cv-234-SM

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility

## REPORT AND RECOMMENDATION

 Before the Court is petitioner Joshua Lamy's Response (doc. no. 5) to the July 7, 2014, Order (doc. no. 4) ("July 7 Order"), granting Lamy an opportunity to show cause why this Court should not dismiss this action as untimely.  The matter is before this Court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") and LR 4.3(d)(4)(A).

 A district court may dismiss sua sponte a habeas petition as untimely, if the time bar is apparent on the face of the petition, see § 2254 Rule 4, and if the parties receive fair notice and an opportunity to object.  See Day v. McDonough, 547 U.S. 198, 209-10 (2006).  For reasons stated in the July 7 Order, Lamy's petition appears to be time-barred.  The Response (doc. no. 5) to the July 7 Order states that Lamy did not have counsel in the post-conviction period to advise and assist him

in filing post-conviction motions, and that his lawyers at trial and on appeal provided ineffective assistance of counsel in those proceedings in the state courts.  Lamy further asserts that he has attempted to litigate his claims diligently, but that he was unaware of the rules governing the timely filing of a § 2254 petition.  The asserted grounds for the late filing of the petition fail to demonstrate that the petition is timely under 28 U.S.C. § 2244(d)(1), and also fail to show any basis upon which this Court might find extraordinary circumstances warranting equitable tolling of the limitations period.  Cf. Holmes v. Spencer, 685 F.3d 51, 62-63 (1st Cir. 2012) (inmate's lack of legal training, limited access to law library, and claim of ineffective assistance of counsel, not alleged to have caused untimely filing of habeas petition, did not constitute extraordinary circumstances warranting equitable tolling).

    Therefore, in accordance with Day, 547 U.S. at 209-10, and for reasons stated in the July 7 Order and in this Report and Recommendation, the District Judge should dismiss Lamy's § 2254 as untimely.  28 U.S.C. § 2244(d).  Moreover, the District Judge should decline to issue a certificate of appealability in this case, because Lamy has failed to make a substantial showing of the denial of a constitutional right.  See § 2254 Rule 11(a); 28


U.S.C. § 2253(c).

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss the § 2254 petition and decline to issue a certificate of appealability.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                    _____
                                    Andrea Johnstone
                                    United States Magistrate Judge

August 26, 2014

cc: Joshua Lamy, pro se